UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-20781-CR-HUCK

UNITED STATES OF AMERICA,

v.

**VICENTE ADOLFO SOLANO,**

   **Defendant.**
_____/

## GOVERNMENT SENTENCING MEMORANDUM

  The United States of America, by and through the undersigned Assistant United States Attorney, submits this Memorandum in support of its request to sentence Vicente Solano to twenty (20) years' imprisonment.

## PROCEDURAL HISTORY

  On October 20, 2017, the Defendant was arrested and a criminal complaint was executed (DE 1).   On November 2, 2017, an Indictment charging attempted use of a weapon of mass destruction was returned by the Grand Jury (DE 8).

  On March 2, 2018, a one count Superseding Information was filed charging Solano with attempting to provide material support to a designated foreign terrorist organization, which is ISIL (DE 27).   On March 14, 2018, Solano entered a guilty plea to the Superseding Information (DE 33).

1

As part of the plea agreement, Solano agreed that the sentencing enhancement (USSG §3A1.4) relating to terrorism applied (DE 33 ¶ 8). The PSI determined that the advisory sentencing guideline for Solano is 240 months', the statutory maximum for this offense (PSI ¶ 87).

## ARGUMENT

In the defendant's Sentencing Memorandum (DE 35), he argues that he should be sentenced to a term of years less than the statutory maximum of twenty years. As a basis for this argument, Solano states that if he is sentenced to the twenty years, because of the effect of the terrorism enhancement, he would be punished as harshly as a defendant who committed the same offense but had a long history of violent, recidivist criminal conduct (DE 35, p 8). However, defendant has already received a benefit, in part recognizing his lack of criminal history, in that the government did not pursue the initial charge of attempting to use a weapon of mass destruction (wmd). This wmd offense is a life felony, with a guideline range of 360 months to life imprisonment. Instead of facing thirty years to life as the advisory guideline, the defendant is facing twenty years.

Under Title 18, United States Code, Section 3553(a), the factors to be considered in imposing sentence, a twenty-year sentence is reasonable and appropriate. Attempting to provide material support to a foreign terrorist organization is a serious offense. Solano activated the inert bomb and set the timer to start ticking down, then walked towards a crowed South Florida mall with what he thought was a ticking bomb. Solano intended to kill or injure as many people as he could with the device. In addition to reflecting the seriousness of the offense, this sentence would promote respect for the law, provide just punishment, and afford adequate deterrence to criminal

conduct.

In his memorandum, Solano asserts that because he does not have any prior criminal history, the guidelines, as a result of the application of the terrorism enhancement, overstate his true criminal history. In support of this argument, he cites the case of *United States v. Thavaraja*, 740 F. 3d 253 (2nd Cir. 2014). In *Thavaraja*, the court affirmed a sentence of 108 months' by determining that it was not substantively unreasonable. Importantly, this conviction for material support was at a time when the statutory maximum sentence was 15 years (180 months), unlike the current 20-year (240 months) statutory maximum. Thus, the court departed from 180 months to 108, not from 240 months.[1]

Further, this case can be distinguished from Solano in that the sentencing court focused on unique facts, including that the defendant's conduct was motivated to assist a minority population involved in an ongoing civil war in Sri Lanka; and, that the defendant had never been to the United States until he was extradited to face these charges. *Id*. at 256-258.

Solano's attempt to detonate a bomb in a crowded mall in Miami is nothing like the facts in *Thavaraja*. Solano's criminal conduct was not in a civil war of a foreign country; he was living in the United States for over twenty years under a protected status due to the conditions of his native Honduras.

The second case cited by Solano is *United States v. Benkahla*, 501 F. Supp. 2d 748 (ED Va. 2007). In this case, the defendant was convicted of various counts including making false statements to a grand jury. Because the investigation involved terrorism, the sentencing court

---

[1] *Thavajara* was convicted of a second count which carried a statutory maximum of five years. The court could have made the sentences consecutive, thus, totaling 240 months.

found that the terrorism enhancement applied. However, the court also found that a downward departure was appropriate. *Id*. at 759. The court found that *Benkahla* was not a terrorist, did not share the same characteristics or conduct of a terrorist, and thus, does not share the same likelihood of recidivism. *Id*. Further, the court found that defendant engaged in model citizenry, and was the quintessential candidate for a downward departure. *Id.* The same cannot be said of Solano. Over time, Solano became increasingly hostile to the United States government and took steps to carry out an attack in Miami with the intent to kill and injure many innocent victims. Solano researched ISIS, made ISIS videos, and searched for instructions on how to make a pressure cooker bomb. He indicated his desire to join ISIS, follow their direction and conduct an attack in Miami.

## CONCLUSION

The government certainly recognizes that this court has the discretion to sentence Solano to a below guidelines sentence, however, we assert that the court should not, under these facts and circumstances, exercise such discretion. Based upon the above, pursuant to Title 18, United States Code, Section 3553(a), the factors to be considered in imposing sentence, a twenty-year

sentence is reasonable and appropriate.

        Respectfully submitted,

        BENJAMIN G. GREENBERG
        UNITED STATES ATTORNEY


        BY:   /s/*Karen E. Gilbert*
        KAREN E. GILBERT
        Assistant United States Attorney
        Fla. Bar no. 771007
        99 NE 4th Street
        Miami, Florida 33132
        Telephone: (305) 961-9161
        Fax: (305) 536-4675
        Karen.gilbert@usdoj.gov


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.


        /s/*Karen E. Gilbert*
        KAREN E. GILBERT
        Assistant United States Attorney